**UNITED STATES of America, Appellee,**

v.

**Lawrence MOOSEY, Defendant, Appellant.**

No. 83–1210.

United States Court of Appeals, First Circuit.

Argued April 3, 1984.

Decided June 1, 1984.

**634**

Edward Romano, Providence, R.I., by appointment of the Court, with whom John F. Cicilline, Providence, R.I., was on brief, for defendant, appellant.

William C. Bryson, Washington, D.C., with whom Lincoln C. Almond, U.S. Atty., and Edwin T. Gale, Sp. Atty., Dept. of Justice, Providence, R.I., were on brief, for appellee.

Before BOWNES and ALDRICH, Circuit Judges, and HUNTER,[*] Senior District Judge.

BOWNES, Circuit Judge.

Appellant Lawrence Moosey was charged with unlawful distribution of cocaine under 21 U.S.C. § 841(a)(1), and with conspiracy to distribute and possess with intent to distribute cocaine, under 21 U.S.C. § 846. After a jury trial in the United States District Court for the District of Rhode Island, Moosey was convicted on both counts and sentenced to concurrent prison terms of five years followed by a special parole term of three years. On appeal, he contends that certain evidence was improperly admitted and that there was insufficient evidence to support conviction on the conspiracy count.

At trial, a government informant named Alfred Smith testified concerning Moosey's involvement with a group of cocaine dealers. Smith began buying cocaine regularly from George Eunis in late 1981, and was introduced to Moosey by Eunis in November, 1981. While Moosey was present, Eunis arranged to deliver cocaine to Smith, stating that either he, Eunis, would make the delivery in person or Moosey would do so for him. In the succeeding months Smith ordered cocaine several times weekly from Eunis, deliveries were made by Eunis or Moosey, and Smith made payment, sometimes with cash down and sometimes on credit. As a result of a conversation with Eunis in December, 1981, Smith contacted another supplier of cocaine in Florida, and Smith and Eunis made several trips to Florida to buy cocaine between December, 1981, and March, 1982. Just before one of these trips, Smith gave Moosey two plane tickets to be delivered to Eunis.

On February 4, 1982, Moosey brought a package of cocaine to Smith's home, and Smith paid him $250 for it. The transaction was tape recorded with a device concealed on Smith's body, for at that point Smith had already become a government informant.

On March 14, 1981, Smith returned from a trip to Florida carrying cocaine, which he delivered to Eunis's wife at the Eunis home. When he left, law enforcement agents arrived, searched the house pursuant to a warrant, and discovered a supply of cocaine, which they seized. Approximately twenty minutes after the agents arrived the telephone rang, and was answered by the agent in charge. The caller identified himself as "Larry" and asked if Mrs. Eunis were in yet; on learning that she was, the caller said that he would be right over. A half hour or so later, Moosey arrived at the Eunis home and was arrested.

■ Appellant's first objection goes to Smith's testimony concerning Moosey's participation in cocaine deliveries before

---

[*] Of the Western District of Missouri, sitting by designation.

February 4, 1982. Appellant argues that these transactions had minimal probative value and highly prejudicial impact with respect to the distribution count. This argument might have force if the deliveries were offered as character evidence, *see* Fed.R.Evid. 404(b), but the record plainly indicates that it was not so offered. The trial court expressly instructed the jury that the evidence of previous cocaine deliveries was to be considered only in relation to the conspiracy count, and that it had "nothing to do with the question of whether or not the defendant did or did not do something on the 4th of February of 1982 with respect to the sale of cocaine." The evidence in question was certainly relevant and admissible to show Moosey's participation in an ongoing conspiracy to distribute cocaine, and it was admitted for no other purpose. The jury instruction limiting admissibility was given at the time the evidence was offered, and adequately guarded against any prejudicial "spillover" effect on the distribution count. In light of the limiting instruction, appellant's motion for the "more drastic remedy" of severance was *a fortiori* properly denied. *See United States v. Lochan,* 674 F.2d 960, 969 (1st Cir.1982).

■ Appellant also objects to various out-of-court declarations of coconspirators which were admitted against him. He claims that the government failed to prove that he knowingly participated in the interstate conspiracy involving Florida-to-Rhode Island cocaine traffic as charged in the indictment, and argues that at most he was shown to be part of a separate, smaller conspiracy with Smith and Eunis involving cocaine distribution within Rhode Island. Appellant concludes that the interstate conspirators' statements were inadmissible hearsay with respect to him.

In *United States v. Ciampaglia,* 628 F.2d 632 (1st Cir.), *cert. denied,* 449 U.S. 956, 101 S.Ct. 365, 66 L.Ed.2d 221 (1980), this court held that out-of-court declarations of coconspirators may be conditionally admitted under Federal Rule of Evidence 801(d)(2)(E). We stated:

If the declaration is conditionally admitted, the court should inform the parties on the record out of the hearing of the jury that (a) the prosecution will be required to prove by a preponderance of the evidence that a conspiracy existed, that the declarant and defendant were members of it at the time that the declaration was made, and that the declaration was in furtherance of the conspiracy, (b) that at the close of all the evidence the court will make a final [determination under *United States v. Petrozziello,* 548 F.2d 20 (1st Cir.1977) ] for the record, out of the hearing of the jury; and, (c) that if the determination is against admitting the declaration, the court will give a cautionary instruction to the jury, or, upon an appropriate motion, declare a mistrial if the instruction will not suffice to cure any prejudice.

*Id.* at 638. Appellant concedes that the district court followed the recommended procedure; his contention is that the court's *Petrozziello* determination was erroneous. The court found that the government had, "by a fair preponderance of the evidence," "established an agreement to, as alleged in the indictment, knowingly, intentionally, distribute, possess with intent to distribute, cocaine, and that Mr. Moosey was an integral part of that operation." Specifically, the court found that appellant participated "as a kind of a retailer, and distributor, of a substance which was obtained from others and by others and delivered to him, and by others" as part of "one overall plan" rather than a "series of small agreements."

We have no difficulty accepting the district court's characterization of the scope of the conspiracy proved at trial. Appellant may have neither directly participated in the interstate trafficking nor known the precise dimensions of the enterprise; Nevertheless, viewed in the light most favorable to the government, *United States v. Mora,* 598 F.2d 682, 683 (1st Cir.1979), the record supports the finding that he intentionally participated in the Rhode Island "retail" link of the distribution chain,

and that he joined the cocaine distribution enterprise knowing that it extended beyond his individual role. This suffices to defeat appellant's claim of variance between indictment and proof, *see United States v. Warner,* 690 F.2d 545, 548–51 (6th Cir. 1982), as well as to support the district court's admission of the coconspirators' out-of-court declarations. Once the district court made its *Petrozziello* determination and the statements were admitted, of course, the question whether the government proved Moosey guilty on the substantive conspiracy count was properly left for the jury.

Appellant's final contention is that there was insufficient evidence to convict him of conspiracy. As we have already noted, the government introduced ample evidence of appellant's active and knowing participation in the Rhode Island cocaine distribution operations. Moosey himself did not testify. This case is a far cry from *United States v. Hyson,* 721 F.2d 856, 862 (1st Cir.1983), where there was evidence only of possession but not of conspiracy to distribute. Appellant's reliance on that case is misplaced, and his argument is without merit.

*Affirmed.*