UNITED STATES of America, Appellee,

v.

Dalton GREEN, Defendant, Appellant.

No. 89–1081.

United States Court of Appeals,
First Circuit.

Heard Sept. 6, 1989.
Decided Oct. 13, 1989.

Winston Kendall on brief for defendant, appellant.

Robert L. Ullmann, Asst. U.S. Atty., and Wayne A. Budd, U.S. Atty., on brief for the United States.

Before SELYA, Circuit Judge, ALDRICH and GIBSON,* Senior Circuit Judges.

PER CURIAM.

On March 17, 1988, an indictment was filed against appellant Dalton Green and eleven codefendants charging a number of drug-related crimes. Green was charged with conspiring to possess and possessing cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841 (1982) as well as carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Supp. IV 1986). The case against Green was severed before trial because Green was arrested some time after his codefendants. A jury found Green guilty on all three counts. He now appeals, arguing that the district court committed reversible error in (1) admitting into evidence eight firearms and other

items of real evidence that unfairly prejudiced him; (2) admitting into evidence statements of a coconspirator in violation of the hearsay rule; and (3) ruling that the evidence was sufficient to convict him.

We conclude that no error was committed by the district court that warrants reversal. Accordingly, Green's conviction is affirmed.

I.

The government's principal witness in this case was Herbert Beech, who had lived at 37 Westmore Road in Boston's Mattapan area since 1980 and testified that from November 1986 through March 1987 Green and his codefendants sold cocaine from the second floor apartment at that residence on a regular basis. The evidence indicated that the Westmore Road apartment was the conspirators' principal retail outlet for cocaine sales; they also worked out of residences on Nelson Street and Fuller Street in the Dorchester area of Boston. Beech testified that between November 1986 and March 1987 he saw Green sell cocaine approximately 20 times and that Green always carried a gun while conducting drug transactions. Beech also testified that on March 5, 1987, a group of Green's coconspirators confronted him (Beech), accused him of being an informer, bound and gagged him, put him in a bathtub, and shot him in the leg.

At trial the government also presented items of real evidence that had been obtained from police searches of the Nelson Street and Fuller Street residences. From the Nelson Street residence the police seized and the government later introduced into evidence six firearms, ammunition, an address book, telephone billing records, cocaine, a photograph of one of Green's coconspirators holding a gun, and a video tape that the conspirators had filmed at 37 Westmore Road that showed several of them, including Green, handling firearms, money, and cocaine. The items introduced by the government that had been seized from the Fuller Street residence included

* Of the Eighth Circuit, sitting by designation.

two firearms, ammunition, a scale, and cocaine residue.

## II.

We first address Green's claim that the district court's admission of the eight guns and other items unfairly prejudiced him.

■ Federal Rule of Evidence 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403. We review a district court's decision regarding Rule 403 pursuant to the abuse of discretion standard and are obligated to give great deference to the district court's judgment. *United States v. Foley*, 871 F.2d 235, 238 (1st Cir.1989); *United States v. Pelletier*, 845 F.2d 1126, 1130 (1st Cir.1988). We will reverse a district court's decision regarding the comparative probative value and prejudicial effect of evidence only in "exceptional circumstances." *United States v. Griffin*, 818 F.2d 97, 101 (1st Cir.), *cert. denied*, 484 U.S. 844, 108 S.Ct. 137, 98 L.Ed.2d 94 (1987). We find no such circumstances here.

■ The white-handle .22 caliber pistol seized at the Nelson Street residence was highly probative of the firearms offense because it was the gun that Green usually carried while selling cocaine, as observed by Beech. The other firearms were relevant to corroborate Beech's testimony and to establish that Green and his codefendants conspired to distribute cocaine at the three Boston residences. This circuit and others have recognized that in drug trafficking firearms have become "tools of the trade" and thus are probative of the existence of a drug conspiracy. *See United States v. Cresta*, 825 F.2d 538, 554 (1st Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 2033, 100 L.Ed.2d 618 (1988); *United States v. Montes–Cardenas*, 746 F.2d 771, 777 (11th Cir.1984); *United States v. Perez*, 648 F.2d 219, 224 (5th Cir. Unit B 1981), *cert. denied*, 454 U.S. 1055, 102 S.Ct. 602,

70 L.Ed.2d 592 (1981). We also note that the district judge maintained strict control over the presentation of the firearms evidence to ensure that unfair prejudice did not result. We find no abuse of discretion in the district court's admission of this evidence.

Likewise, the district court's admission of the other items of real evidence, including telephone billing records, a video tape, and a photograph, did not unfairly prejudice the defendant. Each of the items was relevant and served to corroborate Beech's testimony and to link the conspirators to their weapons and to each other.

■ Green next argues that the district court abused its discretion in admitting into evidence statements made by Green's coconspirator, Homer, to Beech just before Homer shot Beech. Beech testified that, before shooting him, Homer accused Beech of being an informer and then stated that he (Homer) had killed people before. Green argues that these statements were hearsay and do not fall within Federal Rule of Evidence 801(d)(2)(E), which excludes from the definition of hearsay statements made by a party's coconspirator "during the course and in furtherance of the conspiracy." Fed.R.Evid. 801(d)(2)(E).

The record does not disclose whether the district court, in admitting these statements, concluded that they were not offered to prove their truth or that they fell within Rule 801(d)(2)(E). It appears to this court that the statements were not hearsay because they were not offered to prove their truth. The statements were not offered to prove that Beech was in fact an informer or that Homer had in fact killed other people. Rather, the statements were used by the government to show the conspirators' motive in shooting Beech, i.e., to protect the conspiracy by threatening and injuring a suspected informer.

However, even assuming that Homer's statements were offered to prove their truth, they were nonetheless admissible under Rule 801(d)(2)(E). If the district court did rely on Rule 801(d)(2)(E), it implicitly found that the statements were made dur-

ing the course and in furtherance of the conspiracy. That finding is not clearly erroneous. *See United States v. Patterson,* 644 F.2d 890, 894 (1st Cir.1981) (stating that a district court's findings of fact in applying Rule 801(d)(2)(E) must be accepted on appeal unless clearly erroneous).

Finally, Green argues that the evidence was insufficient to convict him. In reviewing this claim we must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See United States v. Torres Lopez,* 851 F.2d 520, 527 (1st Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1144, 103 L.Ed.2d 204 (1989). We must also bear in mind that assessing the credibility of witnesses is solely the province of the trier of fact. *Id.*

Applying these standards, we easily conclude that the evidence was sufficient to convict Green. Green's claim in this regard is essentially that Beech was an unreliable witness and that his testimony was uncorroborated. Yet, it is clear that the jury considered Beech's testimony to be reliable, and it is not our function to second-guess the trier of fact's credibility determinations. Green's claim that Beech's testimony was uncorroborated is simply without merit; extensive physical evidence corroborated Beech's testimony regarding this drug conspiracy and Green's involvement therein.

### III.

Because we are convinced that the evidence adduced in the district court was sufficient to convict Green and that the district court did not abuse its discretion in admitting the items of real evidence and Green's coconspirator's statements, we affirm his conviction.

*Affirmed.*