**UNITED STATES, Appellee,**

v.

**Terrence WILLIAMS, Defendant,
Appellant.**

No. 99–2305.

United States Court of Appeals,
First Circuit.

Feb. 20, 2001.

Susana E. Faria, for appellant. Karen Hoppmann, Attorney, with whom George Vien, Assistant United States Attorney, and Donald K. Stern, United States Attorney, were on brief, for appellee.

Before TORRUELLA, Chief Judge, BOUDIN, and STAHL, Circuit Judges.

PER CURIAM.

After carefully reviewing the record and the parties' briefs, we find that the district court properly denied appellant's motion for a judgment of acquittal and his motion in the alternative for a new trial. Further, the district court did not err by admitting allegedly prejudicial evidence against the appellant.

The evidence was sufficient to support a jury verdict convicting appellant of conspiracy to possess with intent to

distribute cocaine base, in violation of 21 U.S.C. § 846. The government showed both that the Intervale Posse (the "IVP") was a conspiracy and that appellant was a voluntary participant in the IVP. *See United States v. Hernandez*, 218 F.3d 58, 64–65 (1st Cir.2000) (setting forth the elements of conspiracy). The IVP members banded together in fights against others, bought the crack they distributed from the ringleader of the IVP, and all wore the same brand of clothing. Given that a conspiracy agreement need only "be implicit in a working relationship between the parties," *United States v. Moran*, 984 F.2d 1299, 1300 (1st Cir.1993), the evidence here was more than sufficient to establish a criminal conspiracy. Further, appellant readily admitted to a member of the Boston Police Department that he had voluntarily engaged in the conspiracy.[1]

 Appellant's claim that an in-court identification of him was improperly introduced at trial, has been waived by virtue of his failure to file a pre-trial motion to suppress. Fed.R.Crim.P. 12(b)(3) and 12(f); *United States v. Torres*, 162 F.3d 6, 11 (1st Cir.1998). His final argument, that the admission into evidence of firearms, drug paraphernalia, and a mirror with the letters "IVP" etched on it was unduly prejudicial, is without merit. Such evidence is probative of the existence of the conspiracy and of the appellant's role in that conspiracy. *See, e.g., United States v. Green*, 887 F.2d 25, 27 (1st Cir.1989) (holding that firearms are probative of drug conspiracy).

*Affirmed. See* Local Rule 27(c).

---

**1.** The government initially stated that Williams' admission to police that he was a member of the IVP occurred in the same incident as the arrest of two of Williams co-conspirators. In fact, these were two separate occurrences at neighboring residences. The government promptly brought this error to the Court's and opposing counsel's attention.