THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Matthew A. Clark,       
Appellant.
 
 
 

Appeal From Horry County
Paul M .Burch, Circuit Court Judge

Unpublished Opinion No. 2003-UP-097
Submitted November 20, 2002  Filed 
 February 4, 2003

AFFIRMED

 
 
 
Assistant Appellate Defender Eleanor Duffy Cleary, of Columbia, 
 for appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Charles H. Richardson, 
 all of Columbia; and Solicitor J. Gregory Hembree, of Conway, for respondent.
 
 
 

 PER CURIAM:  Matthew 
 A. Clark was convicted of homicide by child abuse and sentenced to life imprisonment.  
 During an in camera hearing, Clark moved to have photographs of the victim 
 suppressed because their prejudicial effect was outweighed by their probative 
 value.  The trial court denied the motion and admitted the photographs into 
 evidence over Clarks subsequent objection.  Clark appeals. We affirm.
ISSUE
Clark argues the trial court erred in admitting 
 photographs of the victim because their prejudicial effect outweighed their 
 probative value.  We disagree.
FACTS
During the course of the trial, the State sought 
 to introduce photographs of the three-year-old victim, Courtney Frizzell, depicting 
 her various external injuries and cause of death, repeated internal head trauma 
 from being shaken.  After an in camera hearing, Clark moved to have all 
 of the photographs suppressed, asserting their probative value was outweighed 
 by the prejudicial effect.  The trial court denied Clarks motion, and allowed 
 the State to introduce the photographs over Clarks subsequent objection.  Clark 
 was convicted of homicide by child abuse and sentenced to life imprisonment.
DISCUSSION
The relevancy, materiality, and admissibility 
 of photographs as evidence are matters left to the sound discretion of the trial 
 court.  State v. Nance, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996).  
 A trial courts ruling regarding the admissibility of evidence will not be reversed 
 on appeal absent an abuse of that discretion.  State v. Hamilton, 344 
 S.C. 344, 353, 543 S.E.2d 586, 591 (Ct. App. 2001)  Moreover, a trial courts 
 ruling regarding the comparative probative value and prejudicial effect of evidence 
 is given great deference and will be reversed only in exceptional circumstances.  
 Id. at 357, 543 S.E.2d at 593 (quoting United States v. Green, 
 887 F.2d 25, 27 (1st Cir. 1989)).
In the present case, the photographs at issue were 
 introduced to corroborate the testimony of Dr. Joel Cochran and Dr. Susan McConnell, 
 who testified regarding the various injuries inflicted on the victim, including 
 the repeated internal head trauma from shaking that caused her death.  Furthermore, 
 the photographs were relevant to prove that the child was abused, that the abuse 
 was her cause of death, and that the abuse manifested an extreme indifference 
 to human life, all of which are elements of homicide by child abuse.  See 
 S.C. Code Ann. § 16-3-85(A)(1) (Supp. 2001) (stating a person commits homicide 
 by child abuse when that person causes the death of a child less than eleven 
 years old while committing abuse in circumstances manifesting an extreme indifference 
 to human life).  Moreover, we have reviewed the photographs and agree with the 
 trial courts finding that they were not unduly prejudicial to Clark.
Therefore, the trial court did not abuse its discretion 
 by admitting the photographs.  See Nance, 320 S.C. at 508, 466 
 S.E.2d at 353 (holding the trial court did not err in admitting photographs 
 during trial, which; 1) corroborated testimony regarding the various places 
 in which the victim was stabbed; 2) corroborated testimony indicating the likelihood 
 the victim died from the stab wounds; 3) were used to show malice, an element 
 of the crime charged; and 4) were later reviewed by the supreme court and found 
 not to be unduly prejudicial to the defendant).
CONCLUSION
For the foregoing reasons, Clarks conviction for 
 homicide by child abuse is 
AFFIRMED. [1] 
CONNOR, STILWELL, and HOWARD, JJ., concur.

 
 [1] Because oral argument would not aid the Court in 
 resolving any issue on appeal, we decide this case without oral argument pursuant 
 to Rule 215, SCACR.