**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Brian K. Spears, Appellant.

Appellate Case No. 2017-000480

———————

Appeal From Horry County
Larry B. Hyman, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-230
Submitted June 3, 2019 – Filed June 26, 2019

———————

**AFFIRMED**

———————

Appellate Defender Robert M. Pachak and Appellate Defender Taylor Davis Gilliam, both of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General William Joseph Maye, all of Columbia, for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities:  *State v. Wallace*, 384 S.C. 428, 435, 683 S.E.2d 275, 278 (2009) ("Once bad act evidence is found admissible under Rule 404(b), the trial court *must* then conduct the prejudice analysis required by Rule 403, SCRE." (emphasis added)), *overruled on other grounds by State v. King*, 424 S.C. 188, 200 n.6, 818 S.E.2d 204, 210 n.6 (2018); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. King*, 349 S.C. 142, 156, 561 S.E.2d 640, 647 (Ct. App. 2002) (stating when an on-the-record Rule 403 analysis is required, the appellate court "will not reverse the conviction if the trial [court's] comments concerning the matter indicate [it] was cognizant of the evidentiary rule when admitting the evidence of [a defendant's] prior bad acts"); *State v. Hamilton*, 344 S.C. 344, 357, 543 S.E.2d 586, 593 (Ct. App. 2001) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in 'exceptional circumstances.'" (quoting *United States v. Green*, 887 F.2d 25, 27 (1st Cir. 1989))), *overruled on other grounds by State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.