**UNITED STATES of America, Appellee,**

v.

**Manuel Jose ESTRADA–MOLINA, a/k/a Pedro Alvarez, a/k/a Julian Montoya, Defendant, Appellant.**

No. 90–2005.

United States Court of Appeals, First Circuit.

Heard April 2, 1991.

Decided April 30, 1991.

---

John H. Ruginski, Jr., Pawtucket, R.I., for defendant, appellant.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., and Kenneth P. Madden, Asst. U.S. Atty., were on brief, Providence, R.I., for appellee.

Before BREYER, Chief Judge, TORRUELLA and CYR, Circuit Judges.

TORRUELLA, Circuit Judge.

Manuel José Estrada–Molina pled guilty to one count of distribution of cocaine and one count of reentry into the United States after deportation. As part of the plea agreement the government dismissed the third count of the indictment, which alleged a conspiracy to distribute cocaine. The sole dispute at sentencing concerned the amount of cocaine to use in establishing the base offense level for the distribution count. Estrada–Molina argued that only the nine ounces which he had actually possessed and distributed (or attempted to distribute) should be counted. The presentence report, however, included, in addition to the nine ounces, two kilograms which appellant and a fugitive co-conspirator had agreed to sell to an undercover agent. This agreement, captured on tape, formed the basis of the dismissed conspiracy count. The court found that the agreement to sell the additional cocaine was "relevant conduct" under the sentencing guidelines, and that it was therefore appropriate to consider when calculating the offense level. *See* United States Sentencing Commission, *Guidelines Manual,* § 1B1.3(a)(2) [hereinafter U.S.S.G.]. The recorded conversation, however, did not clearly show whether the defendants agreed to sell one or two kilograms. Giving Estrada–Molina "the benefit of the doubt," the court resolved to count only one kilogram toward the sentence. The resulting guideline range was 51 to 63 months of imprisonment; a sentence of 55 months was imposed, along with a 24 month concurrent term for the reentry count. Estrada–Molina appeals his sentence.

We note, although the issue was not raised on appeal, that there is no question that the district court properly concluded that a quantity of drugs involved in a dismissed count should be included in calculating the sentence provided that the activities involved "the same course of conduct or common scheme or plan." U.S.S.G. § 1B1.3(a)(2). It is of no consequence that the disputed quantity of drugs in this case was encompassed by a count dismissed by the government as part of a plea agreement. *See United States v. Mak,* 926 F.2d 112, 113 (1st Cir.1991); *United States v. Blanco,* 888 F.2d 907, 909 (1st Cir.1989); *United States v. Bedoya,* 878 F.2d 73, 75–76 (2d Cir.1989).

Estrada–Molina raises different points on appeal. He contends that the district court

erred in counting even the one additional kilogram toward his sentence because the government (1) never produced the cocaine nor (2) proved that he intended to produce and was capable of producing it.

█ As to the first alleged desideratum, appellant is simply wrong. There is no requirement that drugs be produced as evidence in order to be counted at sentencing. *United States v. Bradley*, 917 F.2d 601, 604 (1st Cir.1990). Thus appellant's fate turns on the merit of his second complaint.

█ Estrada–Molina is, as a matter of law, correct in asserting that negotiated but undelivered drugs should be excluded from the sentencing calculus if the court finds that the defendant neither intended to produce nor was capable of producing the disputed amount. The guidelines application notes so state explicitly:

> If the defendant is convicted of an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. However, where the court finds that the defendant did not intend to produce and was not reasonably capable of producing the negotiated amount, the court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce and was not reasonably capable of producing.

U.S.S.G. § 2D1.4, comment. (n. 1). Although this reference is to counts of conviction, we see no reason why the same principles should not apply to amounts included in sentencing under the "relevant conduct" provisions of § 1B1.3(a)(2). *See Bradley*, 917 F.2d at 604. Thus the question becomes whether the court's finding that Estrada–Molina intended to produce and was reasonably capable of producing the additional kilogram is supported by sufficient evidence to pass the clearly erroneous standard of review. *Id.* at 605–06. A preponderance of the evidence is sufficient for sentencing purposes. *United States v. Rodríguez–Cardona*, 924 F.2d 1148, 1155 (1st Cir.1991).

As in *Bradley*, the evidence here is not entirely one-sided in either direction. The district court's determination that the tape recording showed that Estrada–Molina participated in an agreement to sell additional cocaine, albeit only one kilogram as opposed to two, easily withstands scrutiny for clear error. Indeed, Estrada–Molina admitted to the government's version of the facts—including the agreement to sell additional cocaine—at his change of plea hearing. Also supporting Estrada–Molina's intent and capability to produce the additional cocaine is his already demonstrated ability to supply fairly substantial quantities of the drug, shown by his twice carrying one-eighth of a kilogram (four and a half ounces) to meetings with the undercover agent.

█ To be sure, the cocaine itself never materialized, a promised follow-up phone call to be made by Estrada–Molina's co-conspirator did not occur until much later, and there was no showing that either conspirator had previously dealt in kilogram quantities. But "where there is more than one plausible view of the circumstances, the sentencing court's choice among supportable alternatives cannot be clearly erroneous." *Bradley*, 917 F.2d at 606 (quoting *United States v. Ruiz*, 905 F.2d 499, 508 (1st Cir.1990)). The district court in this case weighed the competing evidence and reached a decision that is supported by the record and the relevant law. The sentence is *affirmed*.