**UNITED STATES, Appellee,**

v.

**Kenneth Joseph PATRONE,**
**Defendant, Appellant.**

**No. 91–1447.**

United States Court of Appeals,
First Circuit.

Heard Oct. 9, 1991.

Decided Nov. 5, 1991.

**814**

Ronald Cohen, by appointment of the Court, for defendant, appellant.

Margaret E. Curran, Asst. U.S. Atty., with whom Lincoln C. Almond, U.S. Atty., and Michael E. Davitt, Asst. U.S. Atty., were on brief for appellee.

Before BREYER, Chief Judge,
CAMPBELL, Circuit Judge, and ZOBEL,* District Judge.

CAMPBELL, Circuit Judge.

After a jury trial in the District Court for the District of Rhode Island, defendant Kenneth Patrone was found guilty of possessing firearms after having been convicted of a felony and of possessing an unregistered firearm, in violation of 18 U.S.C. § 922(g) and 26 U.S.C. §§ 5841, 5861(d), and 5871. Patrone was sentenced to fifteen years in prison without parole because the court, pursuant to 18 U.S.C. § 924(e), found that he had committed three previous violent felonies.

Patrone raises two issues in this appeal. First, he challenges the conviction on the grounds that the evidence of his possession of firearms was obtained in violation of the Fourth Amendment. Second, he claims that the three prior felonies should not have been taken into account in sentencing because he pleaded nolo contendere to those felonies, ignorant of his right to a jury trial. We affirm.

* Of the District of Massachusetts, sitting by desig-

## I.

On June 7, 1990, Patrone got into a dispute with a sales clerk at a Sears and Roebuck department store in Providence, Rhode Island. Patrone was ejected from the store by Thomas Keune, a Providence police detective working part time at Sears as a security guard. Shortly thereafter, under circumstances that are in dispute, Keune and John Finegan, another Providence police detective working in the area that day, searched the trunk of Patrone's car, which was parked outside the store. The officers found two shotguns, one with the barrel sawed off.

On October 3, 1990, a federal grand jury in the District of Rhode Island returned a two-count indictment charging Patrone with firearms offenses. Count One charged that, on or about June 7, 1990, Patrone, having previously been convicted of five separate offenses punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting commerce two shotguns, in violation of 18 U.S.C. § 922(g)(1). Count Two charged that Patrone, on the same date, knowingly received and possessed a shotgun with a barrel of less than 18 inches in length and an overall length of less than 26 inches, which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

On October 23, Patrone filed a motion to suppress "any tangible and intangible evidence ... on the basis that said evidence was constitutionally inadmissible...." At a hearing on January 22, 1991, Keune and Patrone presented markedly different versions of the events leading up to the two detectives' search of his car. According to Keune, Patrone came into Sears around 7:00 p.m. and asked a sales clerk for shotgun shells. When told that the store no longer carried sporting goods, Patrone began shouting obscenities, and was asked to leave by Keune. As he escorted Patrone out of the store, Keune realized that Patrone was drunk and asked Patrone how he had come to Sears. When Patrone re-

nation.

sponded that he had driven, Keune informed him that he was a police detective and that he would not allow Patrone to drive. Patrone relinquished his driver's license, which Keune informed him he could pick up the next day at the police station.

Patrone then left the store and began wandering aimlessly through the parking lot. At that point, Keune was approached by an unidentified man who claimed to have seen Patrone put a gun in the trunk of his car before entering the store. Keune then flagged down Finegan, who happened to be patrolling the parking lot in an unmarked car, and the two detectives approached Patrone and asked if they could look for guns in his trunk. The detectives did not state that Patrone was under arrest, nor did they restrict his movement in any way. Patrone initially stated that he had no guns, but, when the detectives reiterated their request, he said "alright, go ahead and look" and handed over his keys. After Patrone handed over the keys, the detectives asked him to sit in the back seat of Finegan's car while they searched the trunk. Immediately upon opening the trunk, the detectives found the shotguns.

Patrone's testimony presented a different version of the events. According to Patrone, having had one can of beer that morning, he went to Sears to buy a knife to use in his work as a roofer. When told by the sales clerk that, if the item was not on the shelf, Sears did not have it, Patrone complained in a reasonable manner but was asked to leave by Keune. After escorting Patrone to the door, Keune asked for his driver's license. When Patrone displayed his license, Keune took it and did not return it.

Patrone then began searching the parking lot for his car and was approached by two uniformed police officers in a marked police cruiser. The officers asked Patrone what he was doing; Patrone responded that he was looking for his car. The officers asked Patrone for his registration, which he gave them. At this point, Patrone looked up, saw his car 125 feet away, and began walking toward his car. The police cruiser pulled away. While ap-proaching his car, Patrone saw two other men reach into the car, take the keys out of the ignition, and open the trunk. Meanwhile, the cruiser pulled up to Patrone's car, stopped, and then sped toward Patrone. The officers in the cruiser asked Patrone to get in; as he did so he heard one of the two other officers announce that he had "found something."

After hearing these two versions of the events, the court stated that "it's a question of who to believe here, whether I believe the defendant or whether I believe the police officer. I'm going to accept the testimony of the police officer...." Although concerned that Patrone had been asked to sit in Detective Finegan's car, the court noted that that had happened only after Patrone handed over the keys. The district court found, therefore, that Patrone had consented to the search, and that he was not so intoxicated that his consent was not freely and voluntarily given. The court further found that Keune's knowledge that Patrone was intoxicated, together with the informant's statement that he had put a gun in his trunk, established probable cause for the search, regardless of Patrone's consent. The motion to suppress was therefore denied, and Patrone was subsequently convicted.

After a sentencing hearing, the court found Patrone to be an "armed career criminal" under 18 U.S.C. § 924(e) and sentenced him to fifteen years in prison.

## II

### A. *Suppression*

Patrone argues both that he did not consent to the search and that there was no probable cause. Because we reject the former argument, we need not consider the latter.

■ Where consent to a search is " 'voluntarily' given" by a defendant, that search is constitutionally permissible. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). The question whether consent was " 'voluntary' or was the product of duress or coercion ... is a question of fact to be determined

from the totality of all the circumstances." *Id.* at 227, 93 S.Ct. at 2048. Here, Keune testified that, when asked if the officers could search his trunk, Patrone said "alright" and handed over the keys. We think these events, if they occurred, are sufficient to support a finding of voluntary consent. Patrone does not say otherwise. Rather, he argues that the court clearly erred in accepting Keune's version of the facts. Patrone insists that it was most unlikely that some unidentified informant suddenly appeared in the Sears parking lot, or that Patrone, a hardened veteran of numerous encounters with the police, would ever have consented to the search. Keune's testimony was not, however, illogical or internally inconsistent. It is no less plausible than Patrone's conflicting version; in various respects it is arguably more plausible. We have said that "assessing the credibility of witnesses is solely the province of the trier of fact." *United States v. Green*, 887 F.2d 25, 28 (1st Cir. 1989) (citation omitted). *See also United States v. Bouthot*, 878 F.2d 1506, 1514 n. 8 (1st Cir.1989); *United States v. Hyson*, 721 F.2d 856, 864 (1st Cir.1983). We are unable to conclude that the district court committed "clear" error in accepting Keune's testimony. As Keune's version of the facts was adequate to support a finding of voluntariness, we affirm the district court's finding of consent. We need not decide whether probable cause existed to search the trunk. *See Schneckloth*, 412 U.S. at 219, 93 S.Ct. at 2043 (neither probable cause nor a warrant is required where a defendant consents to a search).

## B. *Sentencing*

Finding that Patrone had pleaded nolo contendere to at least three previous violent felonies, the district court sentenced him as an armed career criminal under 18 U.S.C. § 924(e). Patrone raises two arguments as to why these prior convictions should not have been counted against him in sentencing. First, Patrone argues that a nolo contendere plea does not constitute a "conviction" under § 924(e). Second, Patrone argues that his prior convictions were constitutionally infirm because he was unaware of his right to a jury trial when he entered his nolo contendere pleas. We reject both arguments.

Patrone was convicted of violating 18 U.S.C. § 922(g), which prohibits the possession in or affecting commerce of a firearm by a convicted felon. Under 18 U.S.C. § 924(e), any person "who violates section 922(g) ... and has three previous *convictions* ... for a violent felony ... shall be fined not more than $25,000 and imprisoned not less than fifteen years." (Emphasis added). Subsection (a)(20) of § 921 provides that "[w]hat constitutes a conviction shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." In Patrone's case, that jurisdiction was Rhode Island.

▮ Under Rhode Island law a nolo contendere plea constitutes a conviction if the person rendering the plea "is sentenced to serve a term in the adult correctional institution or ... is given a suspended or deferred sentence in addition to probation." R.I.Gen.Laws § 12–18–3.[1] Patrone's pre-

---

**1.** The statute provides in relevant part that: [w]henever any person shall be arraigned before the district court or superior court, and shall plead nolo contendere, and said court places said person on probation pursuant to § 12–18–1, then upon the completion of the probationary period and absent a violation of the terms of said probation; said plea and probation shall not constitute a conviction for any purpose. Evidence of a plea of nolo contendere followed by a period of probation, completed without violation of the terms of said probation, may not be introduced in any court proceeding; except that such records may be furnished to a sentencing court following the conviction of an individual for a

crime committed subsequent to the successful completion of probation on the prior offense.

This section shall not apply to any person who is sentenced to serve a term in the adult correctional institution or who is given a suspended or deferred sentence in addition to probation.
R.I.Gen.Laws § 12–18–3.

Although the statute does not affirmatively state that a nolo contendere plea followed by a sentence of imprisonment or a suspended sentence constitutes a conviction, it states that the statute's provision that a nolo contendere plea is not a conviction does not apply when the plea is followed by such a sentence. By implication, we read this to mean that a nolo contendere

sentence report shows that all five of his nolo contendere pleas were followed either by prison sentences or suspended sentences. Therefore, under Rhode Island law, Patrone's nolo contendere pleas constituted convictions to be considered by the district court in applying 18 U.S.C. § 924(e).[2]

■ Patrone's second argument is that his prior convictions were constitutionally infirm. Although the government concedes that a conviction constitutes a "prior conviction[ ]" under 18 U.S.C. § 924(e) only if it is constitutionally valid, *see United States v. Tucker*, 404 U.S. 443, 447–49, 92 S.Ct. 589, 591–93, 30 L.Ed.2d 592 (1972) (sentencing judge may not consider constitutionally infirm prior conviction), Patrone has presented no evidence as to the constitutional infirmity of his prior convictions. Patrone submitted a pro se memorandum of law to the district court containing the assertion that he "did not knowingly wave [sic] his rights to a jury when entering his [n]olo pleas." At the sentencing hearing, neither Patrone nor his counsel presented any evidence to substantiate this assertion. The government, on the other hand, introduced copies of waiver forms signed by Patrone and his attorney in three of the previous cases, indicating that Patrone had waived his right to a jury trial. Even assuming, arguendo, that the burden of proving the constitutionality of a prior conviction is on the government, *compare United States v. Wilkinson*, 926 F.2d 22, 28 (1st Cir.), *cert. denied*, — U.S. ——, 111 S.Ct. 2813, 115 L.Ed.2d 985 (1991) (noting authority that "once the Government establishes the existence of a prior conviction, the burden shifts to the offender to show that the conviction violated the Federal Constitution," without deciding the question), the government has met that burden here. When confronted with Patrone's assertion that he had not knowingly waived his right to a jury trial, the government

introduced the waiver forms, which tended to show otherwise. Patrone presented no evidence contesting the reliability of those forms, nor did he testify that he or his attorney had not understood them. The only evidence of Patrone's waiver of rights, therefore, was the apparently valid waiver forms, and the district court could only conclude from this evidence that Patrone's constitutional argument was without merit.

The judgment of the district court is *affirmed.*

---

plea followed by a sentence of imprisonment or a suspended sentence constitutes a conviction.

**2.** Patrone's only argument to the contrary is inapposite. Patrone argues that *Harrison v. Jones*, 880 F.2d 1279 (11th Cir.), *cert. denied*, 493 U.S. 837, 110 S.Ct. 117, 107 L.Ed.2d 78 (1989), mandates a different result, but that case involved the construction of Alabama law, which treats nolo contendere pleas differently from Rhode Island law.