UNITED STATES of America, Appellee,

v.

Cesar Augusto CETINA–GOMEZ,
Defendant, Appellant.

No. 91–1216.

United States Court of Appeals,
First Circuit.

Heard Nov. 6, 1991.

Decided Dec. 17, 1991.

Norberto Colon, by Appointment of the Court, for defendant, appellant.

Warren Vazquez, Asst. U.S. Atty., with whom Daniel F. Lopez–Romo, U.S. Atty., was on brief for appellee.

Before LEVIN H. CAMPBELL, Circuit Judge, BOWNES, Senior Circuit Judge, and TORRUELLA, Circuit Judge.

LEVIN H. CAMPBELL, Circuit Judge.

Defendant, Cesar–Augusto Cetina Gomez, appeals from his sentence pursuant to a conviction in the United States District Court for the district of Puerto Rico, for (1) knowingly and intentionally possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); (2) importing cocaine into the United States, in violation of 21 U.S.C. § 952(a); and (3) possessing cocaine on board an aircraft arriving in the United States without entering it into the supply list or cargo manifest of the aircraft, in violation of 21 U.S.C. § 955. A jury found defendant guilty on all counts. The district judge sentenced him to concurrent terms of imprisonment of 78 months for each count and concurrent terms of supervised release of four years on each count. A special monetary assessment of fifty dollars for each count was also imposed. Defendant argues on appeal that the district court erred by including the full amount of cocaine charged in the indictment in its sentencing calculation. We affirm the sentence.

I.

On September 29, 1990, defendant arrived in Puerto Rico on an Iberia Airlines flight originating in Quito, Ecuador en route to Madrid, Spain. During a routine inspection, a customs agent noticed a strong chemical odor emanating from a suitcase in one of the luggage containers. Upon further inspection, 4,054 grams of cocaine were found in the walls of the suitcase. Another 165.1 grams of cocaine were found contained in an aerosol can within the suitcase. The suitcase was identified as defendant's by a claim tag and defendant was arrested.

At trial defendant testified that the purpose of his trip to Spain was to carry—for a friend—what he thought was 200 grams of cocaine contained in the aerosol can. He claimed that this friend lent him the suitcase and that he was unaware that the walls of the suitcase contained additional cocaine. The district court properly instructed the jury that to sustain a guilty verdict the evidence need not establish that the amount of cocaine was the same as alleged in the indictment, or that the defendant knew the precise amount of the cocaine he was transporting. The jury found defendant guilty on all three counts of the indictment.

At the sentencing hearing, despite defendant's trial testimony that he only had knowledge of the cocaine in the aerosol can, the court determined that the total amount of cocaine found in defendant's possession should be applied in calculating his sentence.[1] Under the United States Sentencing Guidelines—based on a total amount of 4,291 grams of cocaine and a criminal history category of I—the court determined a base offense level of 30. United States Sentencing Commission, *Guidelines Manual*, § 2D1.1(c)(7) (Nov. 1990). The court also granted defendant a two point reduction for acceptance of responsibility, arriving at a final base offense level of 28. This appeal followed.

## II.

Defendant appeals from his sentence, arguing that he only intended to carry 200 grams of cocaine in an aerosol can and no more. He maintains that he was unaware of the 4,054 grams of cocaine found in the

walls of the suitcase he was carrying, and that it was error for the judge to determine, for sentencing purposes, that defendant's base offense level was 30 based on that amount. Instead, he contends that his base offense level should have been 18, U.S.S.G. § 2D1.1(c)(13), based on possession of 165.1 grams of cocaine found in the aerosol can. We disagree.

■ Contrary to the government's contention, we have jurisdiction to review whether defendant's sentence was "imposed in violation of law." 18 U.S.C. § 3742(a).[2] Our standard of review, however, is limited. This court must "give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous...." 18 U.S.C. § 3742(e); *see also United States v. Pilgrim Market Corp.*, 944 F.2d 14 (1st Cir.1991).

■ Looking at all the evidence presented, the district court concluded that defendant had known about all the cocaine found within his possession when apprehended, and sentenced him accordingly. The court rejected defendant's testimony denying knowledge of the cocaine in the walls of his suitcase. *See supra* note 1. As we have said in numerous cases, "assessing the credibility of witnesses is solely the province of the trier of fact." *United States v. Green*, 887 F.2d 25, 28 (1st Cir.1989) (citation omitted); *see also United States v. Patrone*, 948 F.2d 813, 816 (1st Cir.1991); *United States v. Bouthot*, 878 F.2d 1506, 1514 n. 8 (1st Cir.1989); *United States v. Hyson*, 721 F.2d 856, 864 (1st Cir.1983).

---

1. At the sentencing hearing, after hearing defendant's objections to using the full amount of cocaine found in the suitcase to calculate defendant's sentence, the judge stated:

   My view of the evidence in this case was that your client knew about all the cocaine. And the acceptance of part of the cocaine, quote unquote, acceptance, was simply with the purpose of trying to obtain a lower sentence, and that is all. The full amount of cocaine is going to be imputed to him and there is no acceptance of criminal responsibility as defined in the guidelines of this case.

2. Citing *United States v. Vega–Encarnacion*, 914 F.2d 20 (1st Cir.), *cert. denied,* —— U.S. ——, 111

S.Ct. 1626, 113 L.Ed.2d 723 (1991), the government argues that this court lacks jurisdiction to consider a sentence that is within an applicable guideline range that is correctly determined. While this is true, the principle is not applicable in this case. Defendant here argues that the sentence was imposed in violation of law since it was based on an amount of cocaine of which he denies all knowledge and responsibility. Consequently, defendant contends that the applicable guideline range was incorrectly determined. This court has jurisdiction to review such claims. 18 U.S.C. § 3742(a).

The district court was also permitted to draw reasonable inferences from the uncontested facts of the case, i.e., the contents of the suitcase when seized, the odor and location of the cocaine, the circumstances of the seizure, etc. Where there is "more than one reasonable inference [that] may be drawn from undisputed facts, the court's choice from among supportable alternatives cannot be clearly erroneous." *United States v. Rosado–Sierra,* 938 F.2d 1, 2 (1st Cir.1991); *see also United States v. Estrada–Molina,* 931 F.2d 964, 966 (1st Cir.1991); *United States v. Bradley,* 917 F.2d 601, 606 (1st Cir.1990). We think it was permissible to infer from the facts here that defendant knew what was in the suitcase he was carrying. Accordingly, having also had the opportunity to see and hear defendant, and having determined that defendant's contrary explanation was not credible, the court had ample basis to find that defendant was aware of all the cocaine he was transporting—not just that in the aerosol can.

Defendant argues that the Supreme Court's decision in *Morissette v. United States,* 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288 (1952) supports his claim that his purported ignorance of the cocaine in the suitcase must be taken into account for purposes of determining his base offense level under the Sentencing Guidelines. In *Morissette,* the Supreme Court held that the omission from a statute of any mention of criminal intent does not dispense with intent as a required element of the offense—absent legislative history to the contrary. *Morissette,* however, dealt with the essentials of proving guilt, not with a court's exercise of its sentencing powers. To be sure, an accused's sentence for possession, importation or distribution of drugs may only be calculated on the basis of those drugs with which it is shown the accused had a sufficient connection. But his connection need not be the same in all respects as is required to establish criminal guilt nor need the relevant facts be proven under the criminal standard of proof "beyond a reasonable doubt."

For sentencing, the government need prove relevant facts only by a preponderance of the evidence. *United States v. Rodriguez–Cardona,* 924 F.2d 1148, 1155 (1st Cir.1991); *United States v. Blanco,* 888 F.2d 907, 909 (1st Cir.) *cert. denied* — U.S. ——, 112 S.Ct. 54, 116 L.Ed.2d 31 (1989); *see also* U.S.S.G. § 6A1.3 (at sentencing "the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."). The sentencing court in this case included the full amount of cocaine charged in the indictment in defendant's sentence because it permissibly concluded, from the evidence at trial, that defendant had knowledge of, and intended to distribute, all of the drugs in his possession. The record here permitted the district court to make such a finding by a preponderance of the evidence, at least, and this finding was not clearly erroneous.

*Affirmed.*