USCA1 Opinion

 

 August 20, 1993 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2382 KENNETH J. PATRONE, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Breyer, Chief Judge, ___________ Torruella and Cyr, Circuit Judges. ______________ ____________________ Kenneth Patrone on brief pro se. _______________ Lincoln C. Almond, United States Attorney, Margaret E. Curran and _________________ __________________ Michael E. Davitt, Assistant United States Attorneys, on brief for __________________ appellee. ____________________ ____________________ Per Curiam. Petitioner-appellant Kenneth Patrone __________ was convicted of being a felon in possession of a firearm, 18 U.S.C. 922(g), and of possessing an unregistered firearm, 26 U.S.C. 5241, 5861(d) and 5871. Sentenced as an armed career criminal under 18 U.S.C. 924(e), Patrone received the mandatory minimum enhanced sentence on the first count, a fifteen-year term of imprisonment without parole, and a concurrent ten-year term on count two. Patrone appealed and we affirmed. United States v. Patrone, 948 F.2d 813 (1st _____________ _______ Cir. 1991), cert. denied, 112 S. Ct. 2953 (1992).1 _____ ______ Patrone then moved to vacate, set aside or correct his sentence. 28 U.S.C. 2255. Over petitioner's objection, the district court approved the recommendation of a magistrate-judge that the motion be denied and this appeal ensued. For the reasons that follow, we affirm. Petitioner essentially raises two issues on appeal:2 (1) that his counsel rendered ineffective ____________________ 1. As the underlying relevant facts are set out in our opinion on direct appeal, we do not repeat them. 2. Much of Patrone's argument on appeal is based on issues and theories not presented to the district court (e.g., counsel's failure to conduct reasonable pretrial investigation; double jeopardy). Those issues and arguments may not be raised for the first time here. United States v. _____________ Dietz, 950 F.2d 50, 55 (1st Cir. 1991). Nor may petitioner _____ reassert arguments, rejected on direct appeal, that three prior offenses do not qualify for consideration under 924(e) because they were constitutionally unsound. Patrone, _______ 948 F.2d at 816-17. Nothing presented now persuades us to revisit that issue. See United States v. Michaud, 901 F.2d ___ _____________ _______ 5, 6 (1st Cir. 1990). assistance at the sentencing proceeding and (2) that at least one of three prior convictions was not a violent felony for sentence enhancement purposes under 18 U.S.C. 924(e). We address the latter contention first. Petitioner challenges the classification of his 1978 breaking and entering conviction under Rhode Island law as a violent crime because it involved the burglary of a building under construction and not a dwelling. As such, petitioner argues, the burglary offense was not a "generic" burglary as defined in Taylor v. United States, 495 U.S. 575 ______ _____________ (1990), or countable as a predicate offense for sentence enhancement purposes. This, however, is incorrect for two reasons. First, the Taylor court defined generic burglary as ______ the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Id. ___ at 599. [A]n offense constitutes "burglary" for purposes of a 924(e) sentence enhancement if either its statutory definition substantially corresponds to "generic" burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant. Id. at 602. Patrone concedes the 1978 conviction for ___ breaking and entering. Based on the undisputed description ____________________ of this offense in paragraph 31 of the presentence 3. Although Patrone claims he never "signed" the presentence report, he does not claim that he did not read it and has not investigation report3 ("breaking and entering a building at pointed out any inaccuracies in its descriptions of his criminal conduct. -3- night with the intent to commit larceny"), that charge plainly is a generic burglary under Taylor. See United ______ ___ ______ States v. Wilkinson, 926 F.2d 22, 29 (1st Cir.), cert. ______ _________ _____ denied, 111 S. Ct. 2813 (1991); see also United States v. ______ ___ ____ _____________ Bregnard, 951 F.2d 457, 460 (1st Cir. 1991) (uncontested ________ presentence report description of prior convictions may form sufficient basis for determining whether prior offense is a generically violent crime under Taylor), cert. denied, 112 S. ______ _____ ______ Ct. 2939 (1992). Even if a building "under construction" is somehow not a "building or structure" under Taylor's generic ________ burglary definition, the 1978 offense nevertheless falls within 924(e) because it clearly "otherwise involves conduct that presents a serious potential risk of physical injury to another." 924(e)(2)(B)(ii). Second, our decision in United States v. Fiore, 983 _____________ _____ F.2d 1 (1st Cir. 1992), cert. denied, 113 S. Ct. 1830 (1993), _____ ______ makes plain that the 1978 burglary conviction under Rhode Island law is properly countable as a predicate offense. In Fiore, this court decided that a conviction under Rhode _____ Island law for conspiracy to break and enter a commercial premise qualifies as a predicate offense for purposes of implementing the career offender provisions of the federal sentencing guidelines. Id. at 3-4. Applying Taylor and ___ ______ U.S.S.G. 4B1.2(1), we concluded that, under Rhode Island law, the underlying crime at issue, a commercial burglary, -4- was a crime of violence for career offender sentencing purposes, and noted that "burglary of a commercial building poses a potential for episodic violence so substantial as to bring such burglaries within the violent felony/crime of violence ambit." Id. at 4. ___ Patrone derives no support from definitions contained in the career offender guidelines, U.S.S.G. 4B1.2(1)(ii) (a "crime of violence . . . is burglary of a dwelling . . ."). Although the "violent felony" language of 924(e)(2)(B) is at issue here, and not the "crime of violence" guidelines definition, 4B1.2(1), in play in Fiore, the latter takes its force from the former, id. at 3 _____ ___ n.2, and both include the additional defining words "conduct that presents a serious potential risk of physical harm." "One can easily imagine a significant likelihood that physical harm will often accompany the very conduct that normally constitutes . . . burglary . . . ." United States _____________ v. Doe, 960 F.2d 221, 224 (1st Cir. 1992). ___ Thus, under the Taylor methodology which focuses ______ upon the inherent risk of violence posed by the prior offense without regarding the actual facts and circumstances underlying the conviction, id., there is no meaningful ___ distinction for 924(e) purposes between the burglary of a dwelling and a non-residential building or structure, whether under construction or not, whether occupied or not. See ___ -5- Taylor, 495 U.S. at 597 ("Congress presumably realized that ______ the word `burglary' is commonly understood to include not only aggravated burglary, but also run-of-the-mill burglaries involving an unarmed offender, an unoccupied building, and no use or threat of force."). Consequently, Patrone's 1978 breaking and entering conviction was a generic burglary under Taylor.4 ______ Accordingly, regarding the ineffectiveness claims that counsel's conduct was deficient because of his failure to contest at sentencing the violent crime status of the three prior convictions at issue, it cannot be said that there was any resulting prejudice. In short, even if counsel's performance was subpar, a question we need not decide, Patrone has failed to show that "but for counsel's errors, the result below would have been different." See ___ Murchu v. United States, 926 F.2d 50, 58 (1st Cir.), cert. ______ _____________ _____ denied, 112 S. Ct. 99 (1991). ______ ____________________ 4. Similarly, Patrone's argument that a 1984 breaking and entering in the daytime involved no violence is unavailing. "Burglary is generally a violent crime whether or not the particular burglary at issue threatens violence." Doe, 960 __________ ___ F.2d at 224 (internal quotation marks omitted). Patrone does not contest that the third offense counted for enhancement, a 1978 conviction for assault with a dangerous weapon, was properly treated as a violent felony. Thus, the district court correctly treated these three convictions as predicate offenses under 924(e). -6- As to petitioner's remaining contentions, we affirm the judgment of the district court for the reasons stated in the report of the magistrate-judge. Affirmed. ________ -7-