**UNITED STATES of America,**

v.

**Edward C. NEWPORT and Brian R. Cotton, Defendants.**

**No. 95–CR–30007–MAP.**

United States District Court, D. Massachusetts.

July 18, 1995.

Mark J. Albano, Dalsey, Ferrara, Townsend and Albano, Springfield, MA, for Edward C. Newport.

Harry L. Miles, Green, Miles, Lipton, White & Fitz–Gibbon, Northampton, MA, for Brian R. Cotton.

Steven M. Goldsobel, Dept. of Justice, Tax Div., Washington, DC, for U.S.

*MEMORANDUM AND ORDER REGARD-*
  *ING DEFENDANT EDWARD C.*
  *NEWPORT'S MOTION FOR SEVER-*
  *ANCE FROM CO–DEFENDANT'S*
  *CASE (DOCKET NO. 20)*

NEIMAN, United States Magistrate Judge.

Pursuant to Rule 14 of the Federal Rules of Criminal Procedure, Defendant Edward C. Newport asks that his case be severed from that of his co-defendant Brian R. Cotton. Defendant Newport asserts that out-of-court

statements made by Defendant Cotton, though inadmissible against Defendant Newport, may be introduced by the Government at Defendant Cotton's trial and may implicate Defendant Newport in the alleged crimes. Such statements, Defendant Newport asserts, would prejudice his right to a fair trial as guaranteed by the United States Constitution. Defendant Newport argues that his right to confront and cross-examine witnesses against him will be violated if the out-of-court statements of his co-defendant, which implicate Defendant, are introduced at trial. See *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

While the Government acknowledges that Mr. Newport's co-defendant made statements which implicate Defendant Newport and that *Bruton* issues exist, it opposes the motion. In essence, the Government asserts that any *Bruton* issues which Defendant Cotton's statements raise can be remedied by redaction, if not outright exclusion. At the pretrial hearing on June 9, 1995, the Court requested that the Government supplement its response to Defendant Newport's motion for severance and gave both Defendants the opportunity to file supplemental responses.

Defendant Cotton, who initially reserved his right to take a position on Defendant Newport's motion, thereafter expressed his opposition to severance. (Docket No. 32), ¶ 4. Defendant Cotton's opposition relies on the Government's representations about the statements of Defendant Cotton which it intends to introduce in its direct case against him. *Id.,* ¶ 1. In addition, without admitting the truth, accuracy or admissibility of any of the statements which the Government attributes to him, Defendant Cotton specifically reserves for trial any objections to the Government's proposed redaction of his out-of-court statements. *Id.,* ¶ 5.

For reasons set forth below, Defendant Edward C. Newport's motion is DENIED.

## DISCUSSION

In *Bruton,* the Supreme Court held that a criminal defendant is deprived of his Sixth Amendment right to confront witnesses against him when a nontestifying co-defendant's facially incriminating confession, naming the defendant as a participant, is introduced at their joint trial:

> In joint trials ... when the admissible confession of one defendant inculpates another defendant, the confession is never deleted from the case and the jury is expected to perform the overwhelming task of considering it in determining the guilt or innocence of the declarant and then of ignoring it in determining the guilt or innocence of any codefendants of the declarant. A jury cannot 'segregate evidence into separate intellectual boxes.' It cannot determine that a confession is true insofar as it admits that A has committed criminal acts with B and at the same time effectively ignore the inevitable conclusion that B has committed those same criminal acts with A.

*Bruton v. United States,* 391 U.S. at 131, 88 S.Ct. at 1625. Accordingly, Rule 14 authorizes a severance "where it appears that a defendant might be prejudiced by a joint trial." *Id.*

The *Bruton* principle was readdressed in *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987). The Supreme Court distinguished between a confession which expressly implicates a co-defendant, labelling such confession as "powerfully incriminating," and a confession which, although not incriminating on its face, becomes so when linked with evidence introduced at trial. *Id.* at 208, 107 S.Ct. at 1707. The confession at issue in *Richardson* was not incriminating on its face because it had been redacted to omit any reference to the defendant. The Supreme Court held that the Confrontation Clause of the Sixth Amendment to the United States Constitution "is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction [where] the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Id.* at 211, 107 S.Ct. at 1709. Additionally, the First Circuit has indicated that, in contrast to a powerfully incriminating confession, "inferential incrimination ... can be cured by limiting instructions." *United States v. Smith,* 46 F.3d 1223, 1228 (1st Cir.1995) (quoting *Richardson,* 481 U.S. at

208, 107 S.Ct. at 1708). See also *United States v. Limberopoulos,* 26 F.3d 245, 253 (1st Cir.1994).

■ The Government indicates that it intends to introduce five statements of Defendant Cotton which implicate Defendant Newport. Of course, if Defendant Cotton, who made these statements, takes the stand in his own defense, the Government is entitled to use all of his statements in cross-examination. See *United States v. Thuna,* 786 F.2d 437, (1st Cir.1986), *cert. denied,* 479 U.S. 825, 107 S.Ct. 100, 93 L.Ed.2d 50 (1986), quoting *Nelson v. O'Neil,* 402 U.S. 622, 627, 91 S.Ct. 1723, 1726, 29 L.Ed.2d 222 (1971) ("The Constitution as construed in *Bruton* ... is violated only where the out-of-court hearsay statement is that of a declarant who is unavailable at the trial for 'full and effective' cross-examination.") However, the Court must address Defendant Newport's motion to sever because the Government intends to offer the five statements in its case-in-chief against Defendant Cotton, well before cross-examination of Defendant Newport would occur, if at all.

### Statements

■ The Government submits that the admission of the five statements, when redacted or offered for a nonhearsay purpose, do not violate *Bruton* or its progeny. The Court addresses these statements *seriatim.*

(1) Defendant Cotton told law enforcement agents that "he knew Newport was in jail for tax fraud." The Government argues that this statement is admissible as non-hearsay in that it will not be offered to prove the truth of the matter asserted, but rather the co-defendant's state of mind.

Such a situation is similar to *United States v. Nason,* 9 F.3d 155, 160 (1st Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1331, 127 L.Ed.2d 678 (1994), in which the Court of Appeals held that testimony of an agent, that the co-defendant had stated that defendant had been in trouble with drugs, did not violate the Sixth Amendment because the court properly gave instructions confining the jury's consideration to the co-defendant's state of mind. See also *United States v.*

*Martin,* 897 F.2d 1368 (6th Cir.1990) (Sixth Amendment not violated since assertion not offered for its content and, thus, there was no need to test credibility of declarant as to its substance). The problem in the current action, however, is that the statement, which goes to the heart of the Government's case against Defendant Cotton, see *Stewart v. Cowan,* 528 F.2d 79 (6th Cir.1976), is potentially prejudicial, unfairly, against Defendant Newport. However, given the inferential nature of the incrimination in the context of Defendant Newport's case, the matter may be addressed best by cautionary instructions at trial. "[L]imiting instructions provide an adequate safeguard against evidentiary spillover." *United States v. Nason,* 9 F.3d at 160, citing *United States v. Doherty,* 867 F.2d 47, 63 (1st Cir.1989), *cert. denied,* 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989), and *United States v. Drougas,* 748 F.2d 8, 13 (1st Cir.1984).

(2) Defendant Cotton told law enforcement agents that "Cotton went to Newport's cell after dinner to prepare returns." The Government has offered to redact the statement to read as follows: Cotton went to *a* cell after dinner to prepare returns. The Court finds that such redaction removes any prejudicial reference to Defendant Newport, explicit or implied.

(3) Defendant Cotton told law enforcement agents that "Newport paid Cotton cigarettes and let Cotton watch the color television in Newport's cell in return for Cotton filling out the returns." The Government asserts that this statement can be redacted to read as follows: Cotton was paid cigarettes and was allowed to watch the color television for filling out the returns.

In the Court's opinion, this redaction is less successful at removing prejudice to Defendant Newport under the Sixth Amendment than the Government's redaction of statement # 2 above. A *Bruton* problem is not necessarily avoided merely by deleting names, and a confession, although redacted, may leave no doubt as to the person to which it refers. *United States v. Cleveland,* 590 F.2d 24, 28, n. 4 (1st Cir.1978). In *Cleveland,* the Court of Appeals allowed redaction of the defendant's name from a co-defen-

dant's confession, but noted that such action should be undertaken with great caution and limited to instances where there is significant other evidence which implicates the defendant. That, of course, is a determination that the trial court must make. *United States v. Medina,* 761 F.2d 12, 17 (1st Cir. 1985). Since the Government is also willing to withdraw this statement, severance is obviously too great a remedy for the potential *Bruton* problem raised by its admission. A determination of its admissability, in the context of the other evidence produced at trial, should be made at that time.

(4) Defendant Cotton told law enforcement agents that "Newport threw a birthday party for Cotton in February to befriend him." The Government asserts that this statement does not expressly implicate Newport in the tax preparation scheme and does not amount to "powerfully incriminating" evidence as required by the Supreme Court. See *Richardson, supra.* The Court agrees.

(5) Defendant Cotton told law enforcement agents that "Cotton made a mistake on the Schedule C for Sonny Lopez and Cotton asked Newport for a new form. Newport did not have any extra forms and told Cotton to cross out the mistake and continue using the same form." The Government offers to redact the statement to read as follows: Cotton crossed out the mistake and continued using the same form. The Court finds that the statement, when so redacted, does not run afoul of *Bruton.*

### Severance

The position of the Court of Appeals on severance motions is clear. "As a rule, persons who are indicted together should be tried together." *United States v. Pierro,* 32 F.3d 611, 615 (1st Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 919, 130 L.Ed.2d 799 (1995), (quoting *United States v. O'Bryant,* 998 F.2d 21, 25 (1st Cir.1993)). "For reasons of judicial economy, co-conspirators are generally tried together." *United States v. Jones,* 10 F.3d 901, 908 (1st Cir. 1993). To overcome this presumption, a properly joined defendant must muster a "strong showing of evident prejudice." *O'Bryant,* 998 F.2d at 25. When used in this

context, "prejudice means more than just a better chance of acquittal at a separate trial." *United States v. Boylan,* 898 F.2d 230, 246 (1st Cir.), *cert. denied,* 498 U.S. 849, 111 S.Ct. 139, 112 L.Ed.2d 106 (1990). A court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *United States v. Smith,* 46 F.3d at 1230 (quoting *Zafiro v. United States,* —— U.S. ——, ——, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993)). Since confessions among codefendants are commonplace, "[i]t would impair both the efficiency and the fairness of the criminal justice system to require, in all these cases of joint crimes where incriminating statements exist, that prosecutors bring separate proceedings ..." *Richardson v. Marsh,* 481 U.S. at 210, 107 S.Ct. at 1708. In light of and in reliance on the offered redactions, together with the careful oversight of the trial court, Defendant can not bear his burden under Rule 14 to demonstrate that severance is required.

### CONCLUSION

For the reasons set forth above, Defendant Newport's motion for severance is DENIED.

It is so ordered.