Chen v. Barr

BIA
Leeds, IJ
A206 067 415

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand nineteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> RICHARD C. WESLEY,
> *Circuit Judges.*

_____

XUEJIAO CHEN,
> *Petitioner,*

> v.                                          17-4103
>                                             NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

| | |
|---|---|
| **FOR PETITIONER:** | Troy Nader Moslemi, Flushing, NY. |
| **FOR RESPONDENT:** | Chad A. Readler, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Rebecca Hoffberg Phillips, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xuejiao Chen, a native and citizen of the People's Republic of China, seeks review of a December 5, 2017, decision of the BIA affirming a March 6, 2017, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xuejiao Chen,* No. A206 067 415 (B.I.A. Dec. 5, 2017), *aff'g* No. A206 067 415 (Immig. Ct. N.Y. City Mar. 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Chen raises only withholding of removal and CAT relief in this Court. We have reviewed both the IJ's and BIA's decisions denying relief on credibility grounds. *See Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim . . . ." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008). Substantial evidence supports the agency's determination that Chen was not credible as to her claim that police detained and beat her on account of her Falun Gong practice and that she continues to practice Falun Gong in the United States.

The agency reasonably relied in part on Chen's demeanor, noting that her testimony was evasive. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (recognizing that particular deference is given to the trier of fact's assessment of demeanor). The demeanor finding is supported by the record, which reflects that Chen repeatedly avoided answering questions the answers to which would have been detrimental to her application.

The demeanor finding and overall credibility

3

determination are bolstered by record inconsistencies.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).  Chen testified inconsistently and ultimately admitted lying about her state of residence in the United States.  Further, Chen and her witnesses testified inconsistently about Chen's practice of Falun Gong.  These inconsistencies were not compellingly explained.  *See Majidi*, 430 F.3d at 80.

Having questioned Chen's credibility, the agency reasonably relied further on her failure to submit reliable corroborating evidence.  "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Chen did not corroborate medical treatment she received in China for either the chronic health issues that purportedly prompted her to practice Falun Gong or for the harm she claimed to have suffered in detention.  Nor did she submit evidence that her parents had paid a fine to secure her release from detention.  As to the documentation she did produce, the

4

agency reasonably declined to credit statements from Chen's husband and his aunt on account of their inconsistent testimony, and did not err in declining to credit statements from Chen's parents and friend in China. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (deferring to agency's decision to afford little weight to relative's letter from China because it was unsworn and from an interested witness); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("An IJ may, either expressly or impliedly, rely on *falsus in uno* to discredit evidence that does not benefit from corroboration or authentication independent of the petitioner's own credibility."). Further, Chen admitted that the photographs of her Falun Gong practice were taken solely for the purpose of her application rather than spontaneously during her activities as a Falun Gong practitioner.

Given Chen's evasive demeanor, inconsistent evidence, and lack of reliable corroboration, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That determination is dispositive of withholding of removal and

5

CAT relief because both claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court