19-3435
Zheng v. Garland

BIA
Cassin, IJ
A208 167 168

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of February, two thousand twenty-two.

PRESENT:
JOHN M. WALKER, JR.,
RICHARD J. SULLIVAN,
MYRNA PÉREZ,
*Circuit Judges.*

_____

JINLONG ZHENG,
*Petitioner*,

v.                                              19-3435
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Gerald Karikari, Esq., Karikari &
                         Associates, P.C., New York, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant
                         Attorney General; Shelley R. Goad,

Assistant Director; Elizabeth R. Chapman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jinlong Zheng, a native and citizen of the People's Republic of China, seeks review of an October 7, 2019 decision of the BIA affirming a February 26, 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Jinlong Zheng*, No. A 208 167 168 (B.I.A. Oct. 7, 2019), *aff'g* No. A 208 167 168 (Immig. Ct. N.Y.C. Feb. 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We consider the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's adverse credibility determination for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all

2

relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , [and] the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

Zheng argues that he presented a credible claim of religious persecution. We conclude that substantial evidence supports the agency's adverse credibility determination. The agency reasonably relied on multiple inconsistencies regarding Zheng's statements and evidence as to his wife's location, his introduction to Christianity, his fear of sterilization, his efforts to obtain documents to flee China, and his arrest. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). In

3

addition, the agency reasonably relied on the fact that Zheng's 2012 tourist visa to visit the United States was revoked because his visa application contained fraudulent documents. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The agency did not err in concluding that his willingness to use fraudulent documents undermined his credibility because Zheng applied for his tourist visa before his alleged introduction to Christianity and persecution. *Cf. Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (listing circumstances where false documents may not undermine credibility, including where "fraudulent documents . . . were created to *escape* persecution"). The agency did not err in declining to credit Zheng's explanation for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *Siewe*, 480 F.3d at 167 (holding that where there are "two permissible views of the evidence," we defer to the agency's choice "so long as the deductions are not illogical

4

or implausible" (quotation marks omitted)). Finally, the agency reasonably relied on Zheng's failure to provide documentary evidence corroborating events in China or his practice of Christianity in the United States. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

In sum, given the multiple inconsistencies and lack of corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief relied on the same factual

predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court